# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. PEARSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MTA JONES,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:03-cv-6334-AWI-MJS (PC)<br><br>ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED AGAINST DEFENDANT MTA JONES<br><br>(ECF No. 46)<br><br>Defendant's Response due 10/15/10 |

　　　Upon finding that Plaintiff's complaint stated a claim against Defendant MTA Jones, the Court ordered the U.S. Marshall to effect service on Jones.  On July 22, 2010, the Court received a Waiver of Service of Summons signed by Jones; she agreed to waive formal service of the complaint.  (ECF No. 46.)  The Waiver stated that Defendant "understand[s] that a judgment may be entered against me . . . if an answer or motion under Rule 12 is not filed within the U.S. District Court and served upon plaintiff within 60 days after 6/22/10."  (Id.)  More than sixty days have passed and Defendant has not yet filed an answer or otherwise responded to Plaintiff's complaint.

　　　Rule 55 provides, in pertinent part, that: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Based on Defendant's failure to plead or otherwise defend against this action within the required deadlines, entry of default may be appropriate.

1  Accordingly, not later than **October 15, 2010**, Defendant MTA Jones shall show
2  cause why default should not be entered against MTA Jones.

4  IT IS SO ORDERED.

5  Dated:    September 22, 2010             /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE