# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. PEARSON,<br><br>        Plaintiff,<br><br>    v.<br><br>K. JONES,<br><br>        Defendant.<br>_____/ | CASE NO.  1:03-cv-6334-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE AS TO REASONABLENESS OF FAILURE TO MOVE FOR ENTRY OF DEFAULT<br><br>PLAINTIFF MUST SHOW CAUSE BY NOVEMBER 20, 2010 |

    Plaintiff Walter Pearson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 30, 2004, the Court screened Plaintiff's complaint and found that service was appropriate on Defendants Jones and Smith.  (ECF No. 12.)  The Court ordered the U.S. Marshall to effectuate service on Defendants.  (ECF No. 17.)

    Due to difficulties locating the Defendant's address, the Marshall did not attempt to serve Defendant Jones until June 11, 2010.[1]  (ECF No. 46.)  Defendant Jones executed a waiver of service on July 13, 2010.  (Id.)  The Waiver of Service informed Jones that judgment could be entered against her if she did not file an answer or other motion within sixty days.  (Id.)  To date, Defendant Jones is yet to file an answer or otherwise respond to the Plaintiff's complaint.  The Office of the Attorney General has represented that it has

---

[1] It appears that Defendant Smith is now deceased.  (ECF No. 42.)

1  been unable to communicate with Defendant Jones.[2] (ECF No. 48.)

2  Federal Rule of Civil Procedure 55(a) provides for the entry of default when a defendant fails to timely answer a complaint and that failure is shown by affidavit or otherwise. In this case, Plaintiff has not moved for entry of default even though Defendant Jones's answer was due at least one month ago. Because Defendant Jones has failed to answer the complaint and Plaintiff has failed to move for entry of default, this case is languishing on the Court's docket.

Under Federal Rule of Civil Procedure 41(b), plaintiff bears the burden to prosecute a civil action. Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984). Federal actions must be prosecuted with "reasonable diligence" to avoid involuntary dismissal under Rule 41(b). Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Although pro se litigants are afforded some leniency with respect to their prosecution of civil cases, they still must comply with the federal procedural rules. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986).

Plaintiff's failure to move for entry of default or otherwise act to move this case along could be construed as a failure to prosecute. Plaintiff bears the burden of showing why the delay in moving the case along is reasonable. Franklin, 745 F.2d at 1232. Accordingly, Plaintiff is hereby ordered to show cause by **November 20, 2010** as to why his failure to move for entry of default is reasonable. Failure to timely respond to this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:  October 28, 2010         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

---

[2] The Office of the Attorney General appeared in this case at the Court's request to respond to the Court's attempt to locate the Defendants after their initial summons were returned unexecuted. (ECF Nos. 40 & 42.)