UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. PEARSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MTA JONES,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | CASE NO.   1:03-cv-6334-AWI-MJS (PC)<br><br>ORDER DIRECTING CLERK TO ENTER DEFAULT AGAINST DEFENDANT JONES |

　　　　Plaintiff Walter L. Pearson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 28, 2010, the Court ordered Plaintiff to show cause why his failure to move for entry of default was reasonable.  Plaintiff was warned that failure to respond could result in the Court dismissing this action for failure to prosecute. (ECF No. 50.)  On November 3, 2010, Plaintiff responded by filing the instant "Motion Regarding Defendants Default" in which Plaintiff asks the Court to "find in Plaintiff favor.  Due to Defendants Default." (ECF No. 51.)  The Court construes Plaintiff's filing as a Motion for the Entry of Default against Defendant Jones.

　　　　Federal Rule of Civil Procedure 55(a) requires the Clerk of Court to enter default against a party when that party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  The docket for this case shows that the United States Marshall served Defendant Kathleen Jones by mail on July 3, 2010. (ECF No. 46.)  Jones returned a Waiver of Service of Summons form on July 22, 2010. (Id.)  The Waiver is

signed by Jones and states that she understands that judgment may be entered against her if she does not file an answer or a motion under Rule 12 within sixty days of June 22, 2010. (Id.)

To date, Defendant Jones has not filed an answer or Rule 12 motion.[1] Thus, Rule 55(a) mandates that the Clerk enter default against Defendant Jones. Accordingly, Plaintiff's Motion for Entry of Default is **GRANTED**. The Clerk of Court is **ORDERED** to enter default against Defendant Jones. The Clerk is also **ORDERED** to serve a copy of this order on Defendant Jones at the address where service of the Complaint was effectuated.

Once default has been entered, the burden shifts back to the Plaintiff to move for the entry of default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default against a defendant does not necessarily entitle Plaintiff to a default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff must prove the specific amount of damages to which he is entitled under the sworn allegations in the First Amended Complaint. Plaintiff should submit a sworn declaration, along with any other supporting documentation, outlining his damages with sufficient particularity so as to allow the Court to determine from it and the First Amended Complaint whether default judgment is appropriate and, if so, in what amount. Plaintiff is warned that he is limited to the damages sought in his First Amended Complaint. Fed. R. Civ. P. 54(c).

IT IS SO ORDERED.

Dated:   November 8, 2010          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Attorney General's Office has repeatedly attempted without success to contact Jones to ascertain whether she would like it to represent her in this matter. (ECF No. 48.) Thus, the Attorney General's office is not a participant in this action, and, despite Plaintiff's request, the Court cannot order the Attorney General's office to settle this matter with him. As the only Defendant in this action is Defendant Jones in her individual capacity, Plaintiff's only recourse is to move for the entry of default against Jones.