UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. PEARSON, | CASE NO.   1:03-cv-06334-AWI-MJS (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| DUKE, et al., | (ECF No. 60) |
| Defendants. | |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Walter L. Pearson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  His case proceeds on his December 29, 2003, First Amended Complaint. (ECF No. 10.) The Court found that that complaint stated a cognizable Eighth Amendment claim against Defendants Jones and Smith and ordered service.  (ECF Nos. 12 & 16.)  Service was eventually effectuated on Defendant Jones on

July 22, 2010.[1] (ECF No. 46.) Defendant Jones did not file an answer or other responsive pleading, but in several documents filed with the Court questioned her alleged involvement in the case. (ECF Nos. 46, 57, & 58.) On September 22, 2010, the Court issued an order that she show cause why default should not be entered against her; she did not respond. (ECF No. 47.) The Court ordered the Clerk to enter default against Defendant Jones. (ECF No. 53.) Default was entered on November 15, 2010. (ECF No. 54.)

On January 3, 2011, Defendant Jones filed a Motion to Set Aside the Entry of Default. (ECF No. 60.) Plaintiff filed an Opposition on January 13, 2011. (ECF No. 62.)

## II. <u>LEGAL STANDARD</u>

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court. Rule 55(c) provides that a court may set aside a default for "good cause shown." Fed. R. Civ. P. 55(c).

"The [Rule 55] good cause analysis considers three factors: (1) whether [Defendant] engaged in culpable conduct that led to the default; (2) whether [Defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [Plaintiff]." <u>Franchise Holding II, LLC v. Huntington Rest. Group, Inc.</u>, 375 F.3d 922, 925-26 (9th Cir. 2004) (quotation omitted). The Court has discretion to determine whether good cause has been shown, see <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508,

---

[1] Service was never effectuated on Defendant Smith. It appears he is deceased. (ECF No. 42.)

2

513 (9th Cir. 1986). That discretion is to be generous where the motion seeks to set aside entry of default rather than default judgment. United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) (hereafter "Mesle"). Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974). In determining whether to enter default judgment, a court considers the three "good cause" factors, as well as the amount of money at stake, the sufficiency of the complaint, the possibility of disputes as to material facts, and the public policy favoring resolutions of cases on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "[T]he general rule disfavors default judgments. Cases should be decided upon their merits whenever reasonably possible." Id. at 1472.

**III.   ANALYSIS**

In her Motion, Defendant Jones argues for the entry of default to be set aside based on the following:

**A.   Good Cause**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001); see also id. at 698 ("[W]e have typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.").

Defendant Jones states that she contacted the Court on three occasions to question whether she was the correct "MTA Jones" upon whom service had been ordered. (She

doubted she was because she rarely worked at the facility where the alleged offense occurred, she could find no record of her having been there on the day in question and there was another "MTA Jones" who did work there. (ECF Nos. 46, 57, & 58; ECF No. 60-3, Def.'s Decl. ¶ 3.) Defendant Jones believed that these contacts were sufficient to serve as a response to the Complaint. (ECF No. 60-3, Def.'s Decl. ¶ 4.)

Plaintiff responds that he is not claiming Jones worked at the specific facility regularly, only that she was working there on the day of the violation. He further contends that she was afforded ample notice and time to respond to his claims and simply failed to do so.

Defendant Jones' responses to the service upon her, though technically deficient, certainly do not reflect a devious, deliberate, willful, or bad faith failure to respond. Moreover, until the filing of the instant Motion to Set Aside, Defendant Jones was acting without representation, a factor tending to explain her failure to adequately answer Plaintiff's complaint. See TCI Group, 244 F.3d at 699 n. 6 ("[W]e have tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith.") Given the lack of counsel and Plaintiff's belief that her contact with the Court was sufficient, it can not be said that Defendant engaged in culpable conduct that led to the default. See Gregorian v. Izvestia, 871 F.2d 1515, 1522 (9th Cir. 1989) (finding that defendants were not culpable where their failure to respond was due to a misunderstanding of legal principles governing the case).

**B.     Meritorious Defense**

4

To satisfy the "meritorious defense" prong, a defendant must "present specific facts that would constitute a defense." Mesle, 615 F.3d at 1094. Because the Court must accept Defendant's facts as true, this is a minimal burden and the only issue is whether such facts *could* constitute a meritorious defense. Id. (emphasis added).

Defendant Jones alleges that she has at least two meritorious defenses. First, to the best of her knowledge, she was not working at the specific facility named by Plaintiff at the time of the violation. She states that she did not work there regularly and can locate no documentation indicating she was at that specific facility at the time of the alleged violation. Moreover, she notes that there was another "MTA Jones" working at CSP-Corcoran at the time. She also expressly denies having violated Plaintiff's Eighth Amendment rights, and in doing so, denies an essential element of his claim.

Second, Defendant Jones alleges that Plaintiff apparently failed to exhaust administrative remedies available to him. In support she attaches Plaintiff's inmate appeal tracking system log. (ECF No. 60-2 pp. 6-7; Def.'s Memo att. 2.) The PLRA requires that a prisoner exhaust all available administrative remedies before bringing suit. 42 U.S.C. § 1997e(a). A failure to have done so could create a defense to the action. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

Plaintiff insists that "MTA Jones" is in fact Defendant Jones, that she was working at the facility in question, and that she was involved in the violation of his Constitutional rights. He also claims he exhausted his "'available' remedies after the appeal was rejected at the third and final level of appeal review." (ECF No. 62 p. 4; Pl.'s Opp. ¶ 5.)

As noted, for purposes of the instant motion, the Court must take Defendant's facts as true. Based thereon, the Court finds that Defendant has stated a possibly meritorious

defense.

### C. Prejudice

"To be prejudicial, the setting aside of [the entry of default] must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701. The standard is whether the plaintiff's "ability to pursue his case will be hindered." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

Defendant states that setting aside the default will merely force Plaintiff to litigate this action on the merits, action which cannot be considered prejudicial for purposes of lifting an entry of default. TCI Group Life Ins. Plan, 244 F.3d at 701. Plaintiff contends that he has been prejudiced by the "hardship of continual and perpetual delay to settle this case." (ECF No. 62 p. 3; Pl.'s Opp. ¶ 4.)

There have been significant delays in this case. However, the delays are attributable to difficulties locating Defendant for service. (See ECF Nos. 22-23.) Although Plaintiff filed the operative complaint in 2004, Jones was not served until July 2010. There is no indication that Defendant Jones was avoiding service or otherwise attempting to draw out the proceedings to prejudice Plaintiff. Reopening the default judgment would result in no greater prejudice to Plaintiff than delay in resolution of this case. See Franchise Holding II, LLC, 375 F.3d at 925-26. The delay caused by Defendant Jones' earlier failure to respond is negligible in the overall life of this case.

### IV. CONCLUSION

The Court concludes that good cause has been shown to set aside the entry of

////

default.  Defendant Jones's Motion to Set Aside Entry of Default is GRANTED.  Defendant Jones shall have twenty one days from the date of service of this Order in which to file a responsive pleading to the First Amended Complaint.

IT IS SO ORDERED.

Dated:     February 19, 2011                    /s/ *Michael J. Seng*
                                                                UNITED STATES MAGISTRATE JUDGE