# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. PEARSON, | 1:03-cv-006334-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT |
| v. | |
| DUKE, et al., | (ECF No. 71) |
| Defendants. | THIRTY DAY DEADLINE |

_____/

Plaintiff Walter L. Pearson("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

On May 4, 2011, the Court issued a Second Order Regarding Consent or Request for Reassignment and directed Plaintiff to consent or decline jurisdiction by a Magistrate Judge within 30 days. On July 20, 2011, the Court issued an Order to Show Cause Why the Case Should Not be Dismissed for Failure to Comply with that Court Order, and ordered Plaintiff to consent or decline jurisdiction by a Magistrate Judge, or request reassignment, by August 15, 2011. (Order, ECF No. 71.) The August 15, 2011 deadline has passed and Plaintiff has not consented or declined jurisdiction by a Magistrate Judge, request for reassignment, or otherwise responded to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Order expressly stated: "Failure to comply with this Order will result in dismissal of this action." (Order,

1 ECF No. 71.)  Thus, Plaintiff had adequate warning that dismissal would result from his
2 noncompliance with the Court's Order.
3 　　　　Accordingly, it is **RECOMMENDED** that in the event that Plaintiff does not consent
4 or decline jurisdiction by a Magistrate Judge, or request for reassignment within **thirty**
5 **(30) days** of entry of this Order, this matter be **DISMISSED by the District Judge**.
6 　　　　These Findings and Recommendation are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
8 Within thirty days after being served with these findings and recommendations, any party
9 may file written objections with the court and serve a copy on all parties.  Such a
10 document should be captioned "Objections to Magistrate Judge's Findings and
11 Recommendations."  Any reply to the objections shall be served and filed within ten days
12 after service of the objections.  The parties are advised that failure to file objections within
13 the specified time may waive the right to appeal the District Court's order.  Martinez v.
14 Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 IT IS SO ORDERED.
17 Dated:　　August 26, 2011　　　　　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE